UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
MUSLIM AMERICAN SOCIETY OF                              :
QUEENS, *et al.*,                                       :
                                                        :
                                    Plaintiffs,         :          23-CV-2867 (VSB)
                                                        :
                        -against-                       :          **OPINION & ORDER**
                                                        :
U.S. CITIZENSHIP AND IMMIGRATION                        :
SERVICES, *et al.*,                                     :
                                                        :
                                    Defendants.         :
                                                        :
-------------------------------------------------------- X

Appearances:

Julie A. Goldberg
Goldberg & Associates
Melvindale, Michigan
*Counsel for Plaintiffs*

Jessica F. Rosenbaum
U.S. Attorney's Office, Department of Justice, SDNY
New York, New York

VERNON S. BRODERICK, United States District Judge:

Before me is the motion for summary judgment of Defendants U.S. Citizenship and

Immigration Services ("USCIS"), Ur M. Jaddou, in her official capacity as the Director of

USCIS, Kathy A. Baran, in her official capacity as the Director of USCIS's California Service

Center, and Markwayne Mullin[1], in his official capacity as the Secretary of Homeland Security

(collectively, "Defendants") pursuant to Fed. R. Civ. P. 56(a). Because the parties agree that

venue is improper in this District and jointly request that I transfer the case, I defer decision on

Defendants' summary judgment motion to the transferee court and transfer this case to the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) Markwayne Mullin, the current Secretary of Homeland Security, is automatically substituted for Alejandro Mayorkas.

Eastern District of New York so that the assigned judge in that district can address the merits of the summary judgment motion.

## I.    **Factual & Procedural Background**[2]

Plaintiffs initiated this action on April 5, 2023 in this District under federal question jurisdiction, challenging the denial of Plaintiff Muslim American Society of Queens' Form I-129 Petition for Nonimmigrant Religious Worker on behalf of Plaintiff Akram Abdelsattar Hassanin Kassab.  (Doc. 1 ("Complaint" or "Compl.") ¶ 1.)  Plaintiffs allege that "[v]enue is proper in the District of Columbia under 28 U.S.C. § 1391 on the following grounds:  1) Defendants are officers or employees of the United States or agencies in the United States who are sued in their official capacity for their acts under the color of legal authority (28 U.S.C. §1391(e)(1)); and 2) acts or omissions giving rise to this petition occurred in this judicial district (28 U.S.C. § 1391(e)(2))."  (*Id.* ¶ 15.)[3]

On November 15, 2024, Defendants filed a motion for summary judgment, (Doc. 32), along with a memorandum in support of the motion for summary judgment, (Doc. 33 ("Mem.")).  On January 6, 2025, Plaintiffs filed an opposition to Defendant's motion for summary judgment.  (Doc. 34 ("Opp'n").)  On March 13, 2025, Defendants filed a reply in further support of their motion for summary judgment.  (Doc. 43.)

## II.    **Legal Standard**

Where a party files a motion for a summary judgment motion and includes an alternative request to transfer the case to a different venue, a court can decide the request to transfer first.

---

[2] This factual background is derived from the allegations in the Complaint.  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order.

[3] The Complaint's reference to venue being proper in the District of Columbia may have been a typographical error, and Plaintiffs may have intended to instead refer to the Southern District of New York.

*See Lyon v. Cornell Univ.*, No. 97-CV-7070, 1998 WL 226193, at *2 (S.D.N.Y. May 4, 1998) (deciding a motion to transfer instead of the motion for summary judgment because "[i]t is appropriate for the transferee court to consider the merits of a motion for summary judgment"); *Sargent v. Budget Rent-A-Car Corp.*, No. 94-CV-9215, 1996 WL 413725, at *2 (S.D.N.Y. July 24, 1996) ("Although defendants argue for a change in venue only as an alternative to their summary judgment motions, the Court will address their venue arguments first because the issue of venue should generally be settled before the merits of a dispute are reached."). *Cf. Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010) ("[I]t is hornbook law that venue . . . [is a] threshold procedural issue[] to be decided before the substantive grounds in a motion to dismiss."); *Prospect Capital Corp. v. Bender*, No. 09-CV-826, 2009 WL 4907121, at *6 (S.D.N.Y. Dec. 21, 2009) ("[A]s several courts have noted, in cases such as this where there are open motions that go to substantive issues that relate to the merits of a claim, transfer is preferable to dismissal so that the transferee court can address the substantive claims."); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 456 (S.D.N.Y. 2013), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015) ("[C]onsidering that district courts have the discretion to address non-merits threshold grounds for dismissal before jurisdiction and that considerations of judicial economy and consistency weigh in favor of the same, the issues concerning venue and justiciability will be considered first.").

"It is well-settled that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments." *Edme v. Internet Brands, Inc.*, 968 F. Supp. 2d 519, 523 n.4 (E.D.N.Y. 2013). *See Sterling Homes Co. v. Stamford Water Co.*, 79 F.2d 607, 608 (2d Cir. 1935) ("Before passing to the merits of the dispute, a question of venue must be considered."); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) ("To undertake a

3

consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided.  Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts."); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) ("In the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. § 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense, when defendants are forced to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket.") (internal quotation marks omitted); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *1 (Fed. Cir. Oct. 25, 2021) ("Our precedent and Fifth Circuit law entitle parties to have their venue motions prioritized over substantive proceedings in district court."); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[The] motion [to transfer] should have taken a top priority in the handling of this case by the [] District Court."); *Space Expl. Techs., Corp. v. NLRB*, 129 F.4th 906, 911 (5th Cir. 2025) ("District courts, however, are permitted to resolve forum issues without first resolving 'any other threshold objection,' including personal or subject matter jurisdiction." (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007))).

Title 28 U.S.C. §1406(a) allows a district court to "dismiss, or if it be in the interest of justice, transfer" a case where it is filed in an improper district. Whether or not venue is wrong or improper depends entirely on whether the federal district court in which a case is brought satisfies the requirements of federal venue laws. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The question of whether venue is wrong or improper is generally determined with reference to § 1391, which provides that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a). Section 1391 determines that "[a] civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28. U.S.C. § 1391(b). For purposes of § 1391(b)(1), "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1).

If a case does not fall into any of the three categories spelled out in § 1391(b), venue is improper, and the case must either be dismissed, Fed. R. Civ. P. 12(b)(3), or transferred to a proper venue, 28 U.S.C. § 1406(a). In determining whether venue is proper, I may rely on matters outside the Complaint. *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004).

### III.    Discussion

Because Plaintiff sues federal defendants, the venue statute governing this action is 28 U.S.C. § 1391(e). Under § 1391(e)(1), venue is proper in "any judicial district in which (A) a

defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Although the Complaint asserts that "[v]enue is proper in the District of Columbia," (Compl. ¶ 15)—which is likely a typographical error and should have instead stated the Southern District of New York—and that "Defendants are officers or employees of the United States or agencies in the United States who are sued in their official capacity for their acts under the color of legal authority," (*id.*), and "acts or omissions giving rise to this petition occurred in this judicial district," (*id.*), Plaintiffs fail to allege the residence of the Defendants, (*see id.* ¶¶ 18–21), or allege any facts indicating that the events giving rise to the claims at issue occurred in the Southern District of New York. Moreover, Defendants, in their motion for summary judgment, assert that "[t]he Secretary of Homeland Security and the Director of USCIS reside and operate in Washington, DC, and the Field Office Director of USCIS's California Service Center resides and operates in California." (Mem. 8.) Plaintiffs did not dispute the Defendants' residence. (*See generally* Opp'n.) More directly, the Complaint asserts that "Plaintiff Muslim American Society of Queens is . . . located in Astoria, New York" and "Plaintiff Akram Abdelsattar Hassanin Kassab is a native and citizen of Egypt . . . [and] currently resides in Elmherst, New York." (Compl. ¶¶ 16–17.) Both Astoria and Elmhurst are located in Queens, New York, which is within the Eastern District of New York, not the Southern District of New York.

Defendants argue, among other things, that venue is not proper in this District because none of the parties reside in this District and "Plaintiffs cannot establish that any events or omissions giving rise to their claims took place in this district." (Mem. 8.) Plaintiffs do not challenge Defendants' venue arguments. (*See* Opp'n 23.) Accordingly, Defendants request, among other things, that I "either dismiss this action under Federal Rule of Civil Procedure

12(b)(3) [for improper venue] or transfer it to an appropriate district." (Mem. 9.)  Plaintiffs do not oppose this request, and indeed "request that this matter be transferred pursuant to 28 U.S.C. 1404(a)." (Opp'n 23.)  Plaintiffs note that "Defendants . . . have made the Plaintiffs aware, that the present action should have properly been filed in the Eastern District of New York, rather than the Southern District of New York." (*Id.*)  Thus, the parties agree that this case should be transferred.  "Because Plaintiff[s] do[] not allege that any defendant resides in this District, venue is not proper here under Section 1391(e)(1)(A).  Venue is not proper here under Section 1391(e)(1)(B) because the events giving rise to Plaintiffs['] claims did not occur here, nor do [their] claims involve property located in this District.  Finally, venue is not proper in this District under Section 1391(e)(1)(C) because Plaintiff[s] do[] not reside in this District." *Moore v. CIA*, No. 25-CV-10751, 2026 WL 93866, at *1 (S.D.N.Y. Jan. 12, 2026).  Plaintiffs reside in Queens, which is in the Eastern District of New York, and in the interest of justice and with the consent of the parties, I transfer this action to the United States District Court for the Eastern District of New York, *see* 28 U.S.C. § 1406(a), because that is where Plaintiffs reside, 28 U.S.C. § 1391(e)(1)(C).

I do not rule on Defendants' motion for summary judgment and Plaintiff's motion for discovery, which are more appropriately addressed to the United States District Court for the Eastern District of New York.  "It is appropriate for the transferee court to consider the merits of a . . . motion for summary judgment" and "[t]hat court should decide the critical issues on those motions, including whether there are any disputed issues of material fact." *Saltire Indus., Inc. v. Waller Lansden Dortch & Davis, PLLC*, 331 B.R. 101, 107 (S.D.N.Y. 2005); *see also Kai Wu Lu v. Tong Zheng Lu*, No. 04-CV-1097, 2007 WL 2693845 (E.D.N.Y. Sept. 12, 2007) (affirming a Magistrate Judge's order transferring the case and deferring a decision on the summary judgment); *Fugazy Int'l Travel Grp. v. Fugazy Exec. Travel, Inc.*, No. 00-CV-5927, 2001 WL

50936, at *2 (S.D.N.Y. Jan. 22, 2001) ("The Court does not rule on plaintiff's cross-motion for partial summary judgment, which is addressed more appropriately by the transferee court."); *Rudkowski v. Forest Green Park Cemetery Ass'n, Inc.*, No. 97-CV-1677, 1998 WL 386337, at *2 (E.D.N.Y. July 8, 1998) ("Because this Court transfers this case, it does not reach the merits of Plaintiffs' motion for partial summary judgment."); *Leasing Serv. Corp. v. Patterson Enters.*, 633 F. Supp. 282, 285 (S.D.N.Y. 1986) ("The relevant factors compel transfer of this action[.] . . . The Court thus declines to decide plaintiffs' motion for summary judgment."); *Gold v. Scurlock*, 290 F. Supp. 926, 929 (S.D.N.Y. 1968) ("[A]n important element in the litigation, such as a motion for summary judgment, should not be decided by the transferor court but should be adjudicated by the court that has responsibility for ultimately deciding the case.").

## IV.    Conclusion

For the reasons explained above, the parties' request to transfer the case to the Eastern District of New York is GRANTED. The Defendants' motion for summary judgment and the Plaintiff's motion for discovery is reserved for consideration by the transferee court in the Eastern District of New York.

The Clerk of Court is respectfully directed to transfer the case to the Eastern District of New York and close the case on the docket of this Court.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

VERNON S. BRODERICK
United States District Judge

8